**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0775-20

ADAM M. HABER,

     Plaintiff-Appellant,

v.

FAITH N. GERULDSEN,

     Defendant-Respondent.

_____

> Argued November 8, 2021 – Decided December 3, 2021
>
> Before Judges Sabatino and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8549-19.
>
> Jeffrey L. Dashevshy argued the cause for appellant (Dashevsky, Horwitz, Kuhn, Novello & Shorr, attorneys; Jeffrey L. Dashevsky, on the brief).
>
> Christopher W. Ferraro argued the cause for respondent (Cooper, Maren, Nitsberg, Voss & Decoursey, attorneys; Christopher W. Ferraro, on the brief).

PER CURIAM

Plaintiff Adam M. Haber appeals from an October 16, 2020 order granting summary judgment to defendant Faith N. Geruldsen, finding plaintiff was precluded from recovering damages in his personal injury action because he was culpably uninsured on the date of the accident. We affirm.

The facts are undisputed. Plaintiff and defendant were involved in a motor vehicle accident on March 7, 2019. On that date, plaintiff resided in New Jersey and his car was principally garaged at his home in New Jersey.

Although he lived in New Jersey and garaged his car in New Jersey, plaintiff insured the car through a New York insurance policy issued by State Farm. Plaintiff asserted State Farm knew he relocated to New Jersey in December 2017. In support of this argument, plaintiff noted State Farm sent insurance premium bills to his New Jersey address. However, the declaration page for the State Farm policy expressly indicated the "location used to determine the rate charged" was plaintiff's New York address. The State Farm policy also contained an "important notice" regarding the insurance rate charged to plaintiff. The notice stated, "[t]he amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports."

2

In December 2019, plaintiff sued defendant to recover damages for injuries he suffered in the March 2019 accident. Defendant filed an answer and the parties exchanged discovery.

In September 2020, defendant moved for summary judgment, contending plaintiff failed to insure his vehicle pursuant to N.J.S.A. 39:6A-4, rendering plaintiff culpably uninsured under N.J.S.A. 39:6A-4.5(a). In opposing summary judgment, plaintiff argued he was not uninsured. He asserted his State Farm policy provided Personal Injury Protection (PIP) benefits sufficient to comport with the requirements under N.J.S.A. 39:6A-4.

After reviewing the written submissions and hearing the arguments of counsel, the judge granted summary judgment, placing her reasons on the record on October 16, 2020. Based on the undisputed facts, the judge found plaintiff's car "was continuously and principally garaged in the State of New Jersey, and despite being garaged for over one year . . . plaintiff did not obtain personal injury protection insurance coverage, New Jersey PIP insurance, pursuant to New Jersey statute. Instead, plaintiff obtained coverage through a New York policy through State Farm Insurance Company." Thus, applying N.J.S.A. 39:6A-4.5, the judge held plaintiff had "no cause of action for recovery of

economic or non-economic [loss] sustained as the result of an accident while operating an uninsured automobile."

The judge rejected plaintiff's claim his car was fully insured on the date of the accident because he had a State Farm policy issued in New York. The judge explained the declaration page of the State Farm policy "recognized and determined [plaintiff's insurance] rate based on his vehicle being principally garaged at Piermont Avenue in Piermont, New York." The judge noted "N.J.S.A. 39:6B-1 requires that all owners of vehicles registered or principally garaged in New Jersey have to maintain a minimum amount of standard, basic, or special liability insurance coverage for bodily injury, death and property damage caused by their vehicle." The judge's dismissal of plaintiff's complaint on summary judgment is consistent with well-established case law, precluding recovery of economic and non-economic damages for drivers not insured in accordance with N.J.S.A. 39:6A-4.5.

On appeal, plaintiff raises the same arguments presented to the motion judge. He contends the judge erred in granting summary judgment because he was fully insured on the date of the accident albeit under a policy issued in New York based on State Farm's belief the car was garaged in New York. We disagree.

4

We review the trial court's grant or denial of a motion for summary judgment de novo. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

The parties agree there were no issues of material fact precluding summary judgment. Thus, we review the judge's legal conclusion that plaintiff was culpably uninsured on the day of the accident de novo. We owe no special deference to a motion judge's legal analysis. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016)).

Plaintiff contends his vehicle was fully insured under a New York automobile insurance policy issued by State Farm, providing up to $175,000 in PIP benefits, in accordance with New Jersey law. N.J.S.A. 39:6A-4.5 governs the coverage requirements to be fully insured under New Jersey law. The statute provides:

Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage mandated by section 4 of P.L.1972, c.70 (C.39:6A-4), section 4 of P.L.1998, c.21 (C.39:6A-3.1) or section 45 of P.L.2003, c.89 (C.39:6A-3.3) shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.

[N.J.S.A. 39:6A-4.5(a).]

In reviewing plaintiff's argument, we consider the policy goals underlying the Legislature's adoption of N.J.S.A. 39:6A-4.5(a). In enacting no-fault automobile insurance laws, the Legislature sought to reduce the cost of automobile insurance for New Jersey residents. N.J. Mfrs. Ins. Grp./Garrison Lange v. Holger Trucking Corp., 417 N.J. Super. 393, 402 (App. Div. 2011). In addition to the pressing need to reduce insurance costs for New Jersey drivers, the Legislature contemplated easing the burden on New Jersey courts inundated with automobile personal injury actions. See Perelli v. Pastorelle, 206 N.J. 193, 203 (2011) (quoting Caviglia v. Royal Tours of Am., 178 N.J. 460, 477 (2004)) ("The Legislature reasoned that N.J.S.A. 39:6A-4.5(a) would 'produce greater compliance with compulsory insurance laws and, in turn, reduce litigation, and result in savings to insurance carriers and ultimately the public' by reduced premiums."). With passage of the statute, "the Legislature wanted to ensure that

'an injured, uninsured driver does not draw on the pool of accident-victim insurance funds to which he [or she] did not contribute.'" Ibid. (alteration in original) (quoting Caviglia, 178 N.J. at 471). The statute, as enacted by the Legislature, provided the failure of a New Jersey resident driver to purchase automobile liability insurance coverage that contributes to New Jersey's insurance pool bars his or her recovery for economic and non-economic damages. See Caviglia, 178 N.J. at 471.

In Aronberg v. Tolbert, 207 N.J. 587, 598-99 (2011), the New Jersey Supreme Court recognized

> if an uninsured motorist, while operating a vehicle, is injured by another driver who runs a red light, the uninsured motorist has no cause of action under N.J.S.A. 39:6A-4.5(a). That harsh result is mandated by the statute. The statute's self-evident purpose is not to immunize a negligent driver from a civil action, but to give the maximum incentive to all motorists to comply with this State's compulsory no-fault insurance laws.

As the Court wrote in Aronberg:

> [N.J.S.A. 39:6A-4.5(a)] advanced two important objectives underlying New Jersey's no-fault automobile insurance laws. First, it "gives the uninsured driver a very powerful incentive to comply with the compulsory insurance laws: obtain automobile liability insurance or lose the right to maintain a suit for both economic and noneconomic injuries." Second, it supports the statutory "policy of cost containment by ensuring that

7

an injured, uninsured driver does not draw on the pool of accident-victim insurance funds to which he did not contribute." Thus, the present version of N.J.S.A. 39:6A-4.5(a) is animated by deterrence and cost-containment rationales.

[Id. at 601 (citations omitted) (Caviglia, 178 N.J. at 471).]

Plaintiff argues allowing a tortfeasor to escape liability for the happening of the accident and denying him the right to recover for his injuries "would be an injustice and an unintended outcome of our state legislatures' aforethought when drafting the applicable law." However, plaintiff's argument is belied by our case law. Our Supreme Court acknowledged the result of N.J.S.A. 39:6A-4.5 was "harsh," but upheld the Legislature's statutory goal of providing a strong incentive to all motorists to comply with this State's compulsory no-fault insurance laws and ensure contribution to New Jersey's pool of accident victim insurance funds. Id. at 598-599. Plaintiff's New York policy fails to meet New Jersey's statutory automobile insurance requirements because his insurance premiums funded the insurance pool in New York rather than New Jersey.

Contrary to plaintiff's position, there is no statutory provision allowing a New Jersey resident with a vehicle principally garaged in New Jersey to procure "equivalent" insurance from another state. To accept plaintiff's contention would invite potential insurance fraud and encourage drivers residing in New

Jersey to obtain insurance policies from other states offering lower insurance rates despite the policy holder having no connection with the state issuing the insurance policy. As State Farm noted in the policy issued to plaintiff, insurance rates are determined based on many factors, including where the driver lives, how the car is used, and demographic information relevant to the number of motor vehicles on the roadways and accident rates in a specific locality.

A closer review of plaintiff's New York automobile insurance policy reveals various coverage differences from New Jersey's automobile insurance laws. For example, plaintiff's New York policy states medical expenses are not subject to a time limitation "provided that, within one year after the date of the accident, it is ascertainable that further medical expenses may be sustained as a result of the injury." New Jersey's statute has no such requirement or limitation. Additionally, the dollar amount of death benefits recoverable under plaintiff's New York policy is less than the dollar amount allowable under New Jersey statute. See N.J.S.A. 39:6A-4(b). Because plaintiff is subject to various coverage provisions under the State Farm policy issued in New York that are not authorized in this State, he cannot rely on purchasing "equivalent" insurance to allow him to pursue claims for economic and non-economic damages in New Jersey.

9

We also reject plaintiff's argument that the Deemer statute, N.J.S.A. 17:28-1.4, allows plaintiff to recover for his injuries. The Deemer statute applies only to out-of-state residents. On the date of the accident, plaintiff admits he was a New Jersey resident. As such, he was required to maintain automobile insurance in New Jersey with "provisions approved by the [New Jersey] Commissioner of Banking and Insurance." N.J.S.A. 39:6B-1.

Here, plaintiff does not deny his car was insured under a policy issued in New York. He also admits his car was principally garaged in New Jersey. However, his automobile insurance premiums were calculated based on his address in Piermont, New York and reflected demographic information relevant to a car garaged in New York. There is no evidence plaintiff's New York issued State Farm policy contained provisions approved by New Jersey's Commissioner of Banking and Insurance. Additionally, plaintiff's automobile insurance premiums funded a New York insurance pool. He never contributed to the New Jersey automobile liability insurance pool.

To allow plaintiff to recover for economic and non-economic injuries under these circumstances would be contrary to the Legislature's stated purpose in enacting automobile insurance laws designed specifically to reduce insurance costs to New Jersey's drivers and alleviate the burden on New Jersey's courts.

10

Having reviewed the record, we are satisfied the motion judge correctly concluded plaintiff failed to satisfy the requirements of N.J.S.A. 39:6A-4.5(a), rendering plaintiff culpably uninsured and requiring dismissal of plaintiff's complaint on summary judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0775-20